UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PARRIS JORDAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-517-JD-AZ |
| RAY, BUTLER, ALLEN COUNTY, | |
| Defendants. | |

OPINION AND ORDER

Parris Jordan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jordan alleges that, from August 5, 2025, through August 10, 2025, he had to sleep on the concrete floor at the Allen County Jail. He sent a request to get a "boat" on August 7, 2025, but it took three more days before a "boat" was provided.[1] He was

---

[1] Jordan does not explain what a boat is, but it appears to be a reference to a plastic shell used as a bed. *See Moore v. Childs*, No. 1:24-CV-333-HAB-SLC, 2024 WL 4380455, at *3 (N.D. Ind. Oct. 3, 2024), *appeal dismissed as moot sub nom. Moore v. Byrd*, No. 24-3006, 2025 WL 2779297 (7th Cir. Sept. 30, 2025), *reh'g denied*, No. 24-3006, 2025 WL 3099873 (7th Cir. Nov. 5, 2025).

again required to sleep on the floor when he moved to a different housing unit on August 27, 2025, through August 28, 2025. In at least one of these locations, he was required to sleep near a toilet. He had both a blanket and a mat.

As a pre-trial detainee, Jordan's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quotation marks omitted). The challenged condition must result in a deprivation that is "objectively serious enough to amount to a constitutional deprivation." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *see also Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned."). Then, to state a claim for damages against an individual defendant, the plaintiff must allege the defendant's "response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26-27 (7th Cir. 2021) (citing *Hardeman*, 933 F.3d at 823 and *Miranda*, 900 F.3d at 353-54). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related

to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* at 27 (quoting *Kingsley*, 576 U.S. at 398).

The allegations in Jordan's complaint do not suggest that sleeping on the floor amounted to an objectively unreasonable condition. He admits that he had a mat, and sleeping on a mat on the floor, rather than on an elevated bed, does not, by itself, constitute a constitutional violation. *See Randle v. Gladieux*, No. 1-21-CV-425-HAB-SLC, 2022 U.S. Dist. LEXIS 26855 at *3-4 (N.D. Ind. Feb 15, 2022) ("[S]leeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities."); *Rodmaker v. Krienhop*, No. 4:14-CV-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress.").

To the extent that Jordan is claiming that the mat was deficient, he has not alleged that his mat was different from the mats used by the inmates on elevated beds. Nor does he explain how the elevated beds provided a better sleeping surface than the floor. *See Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind. 1999) (noting "the bunk the Plaintiff aspired to in the Allen County Jail is nothing more than a suspended steel platform, and this can hardly be characterized as any great improvement over a concrete floor" (quoting *Thomas v. Squadrito,* 98–CV–240, slip op. p. 12 (N.D. Ind. August 6, 1999)).

Furthermore, Jordan is suing Jail Commander Ray because he runs the Allen County Jail and Jordan believes Commander Ray should be held responsible for his staff's actions. He also asserts that Commander Ray runs classification and is therefore

3

responsible for inmate bed arrangements. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Commander Ray cannot be held liable merely because he is a supervisor or because he is in charge of classification. Jordan's complaint does not allege that Commander Ray was personally involved in making decisions regarding where Jordan slept.

Jordan also named Chief Butler as a defendant, but he does not mention Chief Butler in the body of the complaint. Because Jordan does not allege that Chief Butler was personally involved in the events he complains about, he cannot proceed against him.

Finally, Jordan named Allen County as a defendant. Allen County can only be held liable if the plaintiff's constitutional rights were violated due to its policies, practices, or customs, and the complaint does not allege that any policy, practice, or custom of Allen County caused Jordan's constitutional rights to be violated. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

This complaint does not state a claim for which relief can be granted. If Jordan believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Parris Jordan until **February 17, 2026**, to file an amended complaint; and

(2) CAUTIONS Parris Jordan that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 14, 2026

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT